UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

**GEORGE BRITAIN,**

    **Plaintiff,**

v.                                                                      Case No.  2:09-CV-90-FtM-DNF

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

_____/

**OPINION AND ORDER**[1]

Plaintiff filed an application for a period of disability and disability insurance benefits, on August 1, 2005, alleging disability beginning February 1, 2004.[2] The claim was denied initially and upon reconsideration on November 30, 2005.  On April 22, 2008, a hearing was held before Administrative Law Judge James E. Craig. [Tr. 216].  On May 28, 2008, Administrative Law Judge Craig issued his decision denying Plaintiff's application. [Tr. 16-22]  The Appeals Council denied Plaintiff's Request for Review on January 2, 2009, [Tr. 5-7] making the ALJ's decision the final decision of the Commissioner.  For the reasons set out herein, the decision is **AFFIRMED**.

The Commissioner has filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties have filed legal

---

[1]     Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by an Order of Reference dated May 22., 2009  (Doc.# 13).

[2]     Plaintiff originally alleged disability beginning April 15, 2000.  At the hearing, Plaintiff amended his alleged onset date of disability to February 1, 2004.

memoranda.

**I.      SOCIAL SECURITY ACT ELIGIBILITY, THE ALJ DECISION AND STANDARD OF REVIEW.**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511.  The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

On August 1, 2005,  Plaintiff filed his application for Disability  Insurance Benefits alleging  disability beginning February 1, 2004.    The Decision of  ALJ Craig dated May 28, 2008, denied Plaintiff's claim for benefits. (Tr. 16-22).  At Step 1, the ALJ found  Plaintiff has not engaged in substantial gainful activity since his alleged onset date of  February 1, 2004, through his date last insured of December 31, 2004. (20 C.F.R. 404.1520(b) and 404.1571 *et. seq.*)   (Tr. 18).   At Step 2, the ALJ found that Plaintiff has had the following severe impairment: Meniere's disease with hearing loss of the right ear, dizziness, nausea and seizures.  (20 C.F.R. 404.1520(c)).   The ALJ determined Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not credible to the extent they are inconsistent  with the residual functional capacity assessment provided in the record.  (Tr. 20).  At  Step 3,  the  ALJ found that during the period in question,

Plaintiff did not have an impairment or combination of impairments which met the criteria of any of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. At Step 4, the ALJ determined Plaintiff was not able to perform his past relevant work as a cabinet maker. The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform no more than medium exertional limitations at the time of his last insured. (Tr. 20). The ALJ, along with the VE testimony found the Plaintiff could perform a significant number of jobs that exist in the national economy. [Tr. 21]. Accordingly, the ALJ found the Plaintiff not disabled at step five of the sequential evaluation. 20 C.F.R. §§404.1520(g). (Tr. 18).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Walden v. Schweiker*, 672 F.2d 835, 838-9 (11th Cir. 1982).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole,

taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II.     REVIEW OF FACTS

Plaintiff was born on August 30, 1954, and was 50 years old on his date last insured (DLI) (Tr. 20). Plaintiff has a high school diploma and had past relevant work experience as a self-employed cabinet maker and wood-worker (Tr. 53, 54, 229). Plaintiff alleged disability beginning April 15, 2000, but amended his alleged onset date at the hearing to February 1, 2004 (Tr. 16). The ALJ determined that Plaintiff met the non-disability requirements for a period of disability and disability insurance benefits as set forth in the Social Security Act through December 31, 2004 (Tr. 18). To establish entitlement to disability insurance benefits under Title II of the Social Security Act, a Plaintiff must be found to be disabled prior to the date of expiration of his or her insured status. 42 U.S.C. §423 (a),(c); 20 C.F.R. § 404.101, 404.315; see also *Carnes v. Sullivan*, 936 F.2d 1215 (11th Cir. 1991); *Ware v. Schweiker*, 651 F.2d 408, 411 (5th Cir. 1981). Any impairment that had its onset or became disabling after this critical date cannot be the basis for a favorable finding of disability under Title II.

Medical records from Andrew Marlowe, M.D., dated from October 2002 through June 2003, document Plaintiff's treatment and evaluation for persistent tinnitus and vertigo, with hearing loss. (Tr. 73-95). On November 21, 2002, Dr. Marlowe confirmed that audiological testing revealed "a flat moderate sensorineural hearing loss at the right ear and a mild sloping to moderate high frequency hearing loss at the left ear" and that "[w]ord

discrimination scores were fair at the right ear . . . ." showing "a significant asymmetry in pure tones and speech." (Tr. 78). Dr. Marlowe also noted that there was "unilateral weakness of 21% on the right . . . ."  Subsequent office notes documented Plaintiff's continued complaints related to his diagnosis of Meniere's disease, as well as confirmed his mold and food allergies and prescribed medications of Zyrtec, Valium, Meclizine, Dyazide, and Diazepam. (Tr. 73-77).

Medical records from Specialists Healthcare document Plaintiff's treatment with Julio Conrado, M.D, from March 2004 through December 2007. (Tr. 126-189). Dr. Conrado's records dated prior to Plaintiff's date last insured indicate he continued to suffer from dizziness and tinnitus, and that he began to experience "significant anxiety," depression, and sleep problems. (Tr.170-175).  Subsequent office notes reflect Plaintiff's ongoing chronic tinnitus, depression, anxiety, elevated  lipids, chronic liver problems, sensation of fullness in his right ear, and variable degrees of anxiety and dizziness. (Tr. 16-128, 133, 135-145, 148, 151-153,155-169).  Plaintiff's treatment also consisted of adjustments to his medications of Valium "for Meniere's," Dyazide, Lipitor,  Ibuprofen, and  Lexapro. ( Tr. 135, 136, 138, 140, 157, 160, 163, 164, 166, 167, 169).

Dr. Conrado referred Plaintiff to audiologist, Jack Adams, M.S., CCC-A, who evaluated Plaintiff on April 4, 2004. (Tr. 190-192). In his report to Dr. Conrado, Mr. Adams noted that he had seen Plaintiff  in January 2002, when his "primary complaint was that of tinnitus," and that testing then compared  to current testing "showed no significant change in the left ear, however, the right ear showed a further drop in hearing to a speech threshold of 75dB and a discrimination score of only 60% with a flat sensorineural component between 75

and 80dB." (Tr. 190). Mr. Adams concluded that "[b]oth elements of this gentleman's hearing loss are contributing to his hearing deficit," and thus recommended "amplification in both ears and determine what is going to work most effectively to improve his overall hearing ability."

Dr. Conrado completed a Medical Source Statement dated March 1, 2008, indicating that due to balance problems, Plaintiff could frequently lift/carry up to 20 pounds and occasionally could lift up to 50 pounds; that due to dizziness, he could stand/walk less than 6 hours in an 8 hour work-day; that he could not climb, balance, or crawl; and that he could only stoop, kneel, or crouch, up to 1/3 of a work-day. (Tr. 194). Dr. Conrado also indicated that in addition to normal breaks, Plaintiff would require a break every 60 minutes, and that due to anxiety/depression, he was significantly limited in ability to concentrate, follow and carry out simple instructions, deal with changes in a routine work setting, up to 2/3 of a work day; and that only up to 1/3 of a work-day would he be able to remember simple instructions and get along with coworkers in usual work situations. (Tr. 194, 195).

At the hearing, Plaintiff testified that he did not have a medical card or medical insurance. Plaintiff advised that hearing aids had been recommended but that he was not wearing any, although Mr. Adams had advised him through a "trial and error" situation, he could regain some of his hearing. (Tr. 219).

**III. SPECIFIC ISSUES AND CONCLUSIONS OF LAW:**

    **A.    THE ALJ'S FINDING, THERE IS OTHER WORK IN THE NATIONAL ECONOMY THAT THE PLAINTIFF COULD PERFORM**

Plaintiff argues that the ALJ found that Plaintiff could perform semi-skilled jobs, but

failed to identify his transferable skills and failed to comply with H SSR 00-4P in questioning the vocational expert ("VE").

A review of the evidence in this case demonstrates that Plaintiff was, in fact, able to perform the semi-skilled jobs identified by the VE. At the hearing, the VE testified that, given the factors in the hypothetical questions, Plaintiff would be able to do office type work either as he performed it or as its customarily performed (Tr. 233-34). The VE stated that Plaintiff should have transferable skills as a business owner for over 20 years which related to using the telephone, filing, and taking orders (Tr. 234). The ALJ asked the VE if the skills the VE had identified would transfer to other jobs and what exertional levels they would transfer to (Tr. 235). The VE replied that the skills he mentioned would transfer to the general office clerk job which would have numbers for sedentary and light unskilled and semi skilled categories (Tr. 235). He stated that the skills would also probably be able to transfer to the information clerk position which was a sedentary job (Tr. 235). Therefore, the evidence showed that Plaintiff would be able to perform the two jobs identified by the VE (Tr. 233-35). Despite Plaintiff's argument, the VE in this case testified that Plaintiff had acquired specific skills from running a business, skills related to using a telephone, filing and taking orders, which would transfer to the general office clerk job and the information clerk job (Tr. 233-35).

Plaintiff argues that the ALJ's decision should have included a discussion of transferable skills pursuant to Social Security Ruling (SSR) 82-41. The Commissioner maintains that the ALJ's failure to do so in this case was no more than harmless error. The harmless error rule is applicable where the "mistake of the administrative body is one that

clearly had no bearing on the procedure used or the substance of the decision reached." *U.S. Steel Corp. v. U.S. Environmental Protection Agency*, 595 F.2d 207, 215 (5th Cir. 1979) (quoting *Braniff Airways v. CAB*, 379 F.2d 453, 466 (D.C. Cir. 1967)). The major policy underlying the harmless error rule is the preservation of judgments and judicial economy. *Mays v. Bowen*, 837 F.2d 1362, 1354 (5th Cir. 1988); see also *Higgs v. Bowen*, 880 F.2d 860, 864 (6th Cir. 1988).

The record shows that Plaintiff did have the skills from earlier work that would transfer to the two jobs identified by the VE (Tr. 233-35). Further, in response to questioning by the ALJ, the VE identified the specific transferable skills of using the telephone, filing, and taking orders (Tr. 234). This information from the record demonstrates that Plaintiff did have skills transferable to the jobs identified by the VE. The ALJ's decision is therefore supported by substantial evidence.

Plaintiff also argues that the ALJ erred by failing to comply with SSR 00-4p, which requires the ALJ to ask the VE about conflicts between the VE's testimony and the Dictionary of Occupational Titles (DOT). The ALJ did fulfil his duty under SSR 00-4p. As required by the ruling, the ALJ specifically asked the VE if his testimony conflicted with the information in the DOT (Tr. 236). In response, the VE stated that his testimony was consistent with the DOT (Tr. 236). The ruling notes that if it appears that the VE's evidence is in conflict, the ALJ should elicit an explanation. SSR 00-4p. However, there was nothing present in the record of the hearing which appeared in the VE's testimony that was in conflict with the DOT (Tr. 233-36), and the Commissioner disputes that there is any such conflict. The ALJ properly relied on the VE's testimony in this case and the VE's testimony

provided substantial evidence to support the ALJ's findings (Tr. 236).

> **B.    DID THE ALJ COMMIT REVERSIBLE ERROR IN FAILING TO SET FORTH REQUISITE GOOD CAUSE FOR REJECTING THE OPINION OF DR. CONRADO, PLAINTIFF'S TREATING PHYSICIAN**

Plaintiff argues that the ALJ did not properly evaluate the opinion of treating physician Dr. Conrado (Tr. 194). A treating physician's testimony must be given substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Commissioner* of Social Security, 363 F.3d 1155, 1159 (11th Cir. 2004); see also 20 C.F.R. § 404.1527(d)(2). " '[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir.2004). For instance, an ALJ need not give a treating physician's opinion considerable weight if the applicant's own testimony regarding his daily activities contradicts that opinion.

The ALJ reviewed the medical evidence as a whole and specifically discussed the opinion of Dr. Conrado (Tr. 18). After reviewing the record and considering Dr. Conrado's opinion of March 2008, approximately 3 years after the DLI, the ALJ found that he could not give Dr. Conrado's opinion any weight as it was inconsistent with Dr. Conrado's own records from the period prior to December 31, 2004 (Tr. 18). *Crawford*, 363 F.3d at 1159; *Phillips*, 357 F.3d at 1240-41.

Dr. Conrado saw Plaintiff on April 29, 2004, for anxiety and depression, but it was noted that his medication was working well (Tr. 170). Dizziness was noted on the problem list (Tr. 170). Plaintiff's review of systems was marked as all negative, indicating that he did

not have any complaints related to any specific system that day; his physical exam, including ears, neck, lungs, and heart, was completely normal (Tr. 171). Plaintiff's musculosketal and neurological exams were normal, and his skin was normal (Tr. 173). Dr. Conrado recorded no abnormal finding that would support his 2008 opinion (Tr. 171, 173, 194-95). To establish entitlement to disability benefits Plaintiff must establish disability prior to the date of expiration of his insured status. 42 U.S.C. §423 (a),(c); 20 C.F.R. § 404.101, 404.315.

Plaintiff returned to Dr. Conrado on March 30, 2004, for family problems that were causing anxiety (Tr. 174). Under review of systems, Plaintiff complained of dizziness and tinnitus, but otherwise had no complaints marked or circled (Tr. 175). Those portions of the physical exam which were shown as completed also failed to show any abnormality (Tr. 175). There were no objective findings from this 2004 record to support Dr. Conrado's later, 2008 assessment (Tr. 174-76, 194-95). The ALJ was correct in finding that Dr. Conrado's 2008 assessment was inconsistent with his treatment records prior to December 31, 2004. (Tr. 18, 194-195).[3]

### C. IS THE ALJ'S RFC FINDING SUPPORTED BY SUBSTANTIAL EVIDENCE.

Plaintiff argues that the ALJ improperly determined his RFC because he did not rely on a medical opinion. After complete review of the evidence of record, the ALJ determined that Plaintiff would have the RFC to perform medium work except that he should avoid a

---

[3] SSR 96-2p, notes that to be entitled to controlling weight, the medical opinion from the treating source must be well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in the individual's case record. Here, Dr. Conrado's opinion did not meet this standard and, therefore, was not entitled to controlling weight.

working environment with noises greater than an office setting or fast food restaurant during off hours when less busy (Tr. 19). The ALJ also determined that conversations would have to be one-on-one and/or facing the person Plaintiff was talking with (Tr. 19). The ALJ also found that Plaintiff should avoid work performed around unprotected heights, moving parts, or electrical shock (Tr. 19).

A review of the ALJ's decision demonstrates that he did fully review the evidence of record, both medical and non medical, and properly considered and weighed that evidence to come up with "the administrative finding known as the RFC assessment." SSR 96-5p. The ALJ's determination of Plaintiff's RFC was based on substantial evidence of record.

### D. WAS ALJ'S CONCLUSORY CREDIBILITY FINDING DEFICIENT AS A MATTER OF LAW.

The ALJ's review of the entire record included a thorough review of Plaintiff's subjective complaints in accordance with the appropriate regulatory criteria and with Eleventh Circuit case law. A Plaintiff's statements about pain or other symptoms will not alone establish disability. 20 C.F.R. § 404.1529(a); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). Although the ALJ may not require a direct tie between objective medical findings and the severity of the pain, he should consider all the evidence, objective and subjective, to determine the effect of the pain or other subjective complaints on a Plaintiff's ability to function. 20 C.F.R. § 404.1529. Even though consideration is given to a Plaintiff's assertion as to the severity of his or her subjective complaints, this is only one factor considered. The ALJ may also consider the nature of a Plaintiff's symptoms, the effectiveness of medication, and a Plaintiff's activities when evaluating subjective symptoms such as pain. 20 C.F.R. § 404.1529(c)(3). The ALJ also considers any conflicts between a Plaintiff's

statements and the rest of the evidence. 20 C.F.R. § 404.1529(c)(4). The ALJ's evaluation of Plaintiff's subjective complaints in this case complied with the above-cited regulatory criteria and with Eleventh Circuit precedent.

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not credible (Tr. 20). Although Plaintiff alleged hearing loss and tinnitus, the medical evidence showed that Plaintiff had only complained of this occasionally since 2002 and was not prescribed a hearing aid or given any work restrictions during the period under consideration (Tr. 20, 73-95, 171-76). The ALJ noted that Dr. Conrado assessed limitations in 2008, well after the DLI, but again observed that Dr. Conrado's assessment was contradicted by his own treatment records prior to December 31, 2004 (Tr. 20, 171-76, 194-95).

As the Eleventh Circuit has held, an ALJ has discretion to discredit a claimant's subjective complaints as long as he provides "explicit and adequate reasons" for his decision. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). The ALJ stated explicit and adequate reasons. *Arnold v. Heckler*, 732 F.2d 881, 884 (11th Cir. 1984) ("It was not inconsistent for the ALJ to find that [Claimant] suffers pain in fact, and yet is not so severely impaired as to meet the stringent test for disability imposed by the Act. It was for the ALJ to determine the disabling nature of the pain.").

## IV. CONCLUSION

For the foregoing reasons, the ALJ's decision is consistent with the requirements of law and supported by substantial evidence and decided by the proper legal standards.

1. Judgment shall be entered pursuant to sentence four of 42 U.S.C. §405(g) **AFFIRMING** the decision of the Commissioner.

2. The Office of The Clerk is directed to enter judgment and close this case.

**DONE and ORDERED** in Chambers at Ft. Myers, Florida, this 14th day of September 2010.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Parties and Counsel of Record